UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNN T.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 3:24-CV-5175-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court reverses and remands the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

### I.   BACKGROUND

Plaintiff filed applications for SSI and DIB on November 12, 2014. AR 251–57, 258–63. After her applications were denied initially and upon reconsideration, a hearing was held before

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

Administrative Law Judge (ALJ) Allen Erickson in April 2017. AR 49–114. ALJ Erickson issued a written decision finding Plaintiff not disabled in November 2017 (AR 25–45), which was subsequently reversed by United States Magistrate Judge Richard Creatura in October 2019 (AR 921–43). An additional hearing was held before ALJ Erickson in November 2020. AR 848–89. ALJ Erickson issued an additional decision finding Plaintiff not disabled in February 2021 (AR 814–47), which this Court reversed pursuant to a stipulated agreement (*see* AR 1656–60). On September 21, 2023, ALJ Lawrence Lee held a hearing at which Plaintiff was represented and testified telephonically. AR 1596–1621. The ALJ issued a decision on October 27, 2023, finding Plaintiff not disabled. AR 1561–95. Plaintiff did not file exceptions with the Appeals Council, making the ALJ's decision the final agency action subject to judicial review. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a). Plaintiff filed a Complaint in this Court challenging the ALJ's decision on March 5, 2024. Dkt. 6.

## II.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

Plaintiff argues the ALJ erred in evaluating the opinions and statements of several medical and non-medical sources and erred in evaluating her subjective symptom testimony. *See generally* Dkt. 16.

A.      **Medical Opinion Evidence**

Plaintiff contends the ALJ erred by failing to properly evaluate the opinions of Jennifer Koch, Psy.D.; Tasmyn Bowes, Psy.D.; Christopher Meagher, Ph.D.; Gary Gaffield, D.O.; Teasy Ryken, MA, LMHC; and Nancy Armstrong, ARNP. *See* Dkt. 13 at 3–12, 17.[1]

For social security disability claims filed prior to March 27, 2017,[2] the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

   1.   Dr. Koch

State agency consulting examiner Dr. Koch completed an opinion in September 2013 in which she opined Plaintiff had several moderate limitations and a marked limitation in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. *See* AR 489–93. Dr. Koch completed a mental status examination that noted Plaintiff had an anxious mood, recent memory impairment, a poor fund of knowledge, and poor

---

[1] Plaintiff summarizes some of the rest of the medical evidence but fails to make any substantive argument about the ALJ's evaluation of any opinions or impairments other than those discussed herein. *See* Dkt. 13 at 10–12. The Court will not consider matters that are not "specifically and distinctly" argued in the plaintiff's opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus does not consider the ALJ's evaluation of any opinions other than those discussed herein.

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff filed her claim before March of 2017, the new regulations do not apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

concentration. AR 492–93. It also noted Plaintiff "reportedly sees ghosts and has other unusual perceptual experiences" and has "paranoia" and "hypervigilance." AR 493.

The ALJ found that Dr. Koch's moderate limitations were adequately reflected by the RFC—a finding that Plaintiff does not challenge (*see* Dkt. 13 at 3–5)—but gave little weight to Dr. Koch's opined marked limitation. AR 1582. The ALJ discounted this opined limitation because Plaintiff had denied to other clinicians that she experienced visual hallucinations. *Id.* (citing AR 418, 436, 453, 454, 457, 589, 621). The ALJ found "it reasonable that such a claim would be a significant factor" in Dr. Koch's determination that Plaintiff had a marked limitation in her ability to complete a normal workday and workweek. *Id.* An opinion may be discounted because it is based on a misperception of the medical record. *See Chaudhry v. Astrue*, 688 F.3d 661, 672–73 (9th Cir. 2012). Even if, as Plaintiff suggests, she was "having unusual perceptual experience at [the] time [of Dr. Koch's evaluation] but not at the time of other evaluations" (Dkt. 13 at 4), such symptoms would still appear to be atypical and uncorroborated and, therefore, the ALJ did not err in discounting Dr. Koch's opinion because it was based on such symptoms. *See Chaudhry*, 688 F.3d at 672–73.

In sum, the ALJ gave proper reasons supported by substantial evidence for rejecting Dr. Koch's opinion. The Court need not consider the remaining reasons for discounting Dr. Koch's opinion as any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted) ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'").

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

    2. <u>Dr. Bowes</u>

State agency consulting examiner Dr. Bowes completed an opinion in September 2014. AR 398–403. She opined Plaintiff had marked limitations in her abilities to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual; complete a normal workday and work week without interruptions from psychologically based symptoms; and maintain appropriate behavior in a work setting. AR 401.

The ALJ gave little weight to Dr. Bowes' opinion for several reasons. AR 1582. First, the ALJ noted that "the claimant's score on the Rey 15-Item Test indicated possible exaggeration of symptoms." *Id.* That a claimant failed to exert adequate effort during testing is a valid reason to discount a medical opinion based on that testing. *See Chaudhry*, 688 F.3d at 671. Here, however, Plaintiff's Rey 15 test score, according to Dr. Bowes, only indicated "possible exaggeration of symptoms" and "support[ed] [a] likely personality disorder." AR 400. Indeed, Plaintiff scored a 9 on that test, and Dr. Bowes indicated a score above 9 indicated there was no malingering. *See id.* An ALJ cannot reject an examining physician's opinion based on "her doubts about [the claimant's overall credibility" where the physician "deem[s]" those reports "to be reliable." *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

Second, the ALJ also noted that indications of symptom exaggeration were "somewhat bolstered by the claimant's reports [to Dr. Bowes] of having difficulties getting out of bed at times due to fatigue/adrenal failure, which are complaints that she did not mention to other providers." AR 1582. Dr. Bowes described significant symptoms of mood disorder, panic attacks, anxiety issues, concentration difficulties, and personality disorder issues. *See* AR 400. There is no indication that her brief note that Plaintiff experiences fatigue, listed as a "physical

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

health problem[],"  played a major role in her ultimate evaluation. AR 399. Thus, inconsistencies in Plaintiff's reports of fatigue were not a valid basis on which to reject Dr. Bowes' opinion.

Third, the ALJ found "it significant that [Dr. Bowes] found greater limitations[] than Dr. Koch, even though the claimant performed better on the mental status exam[.]" AR 1582. The ALJ, however, failed to explain why he found Dr. Koch's mental status examination findings more probative than Dr. Bowes' findings or why he found Dr. Koch's opined limitations more persuasive than Dr. Bowes' limitations. *See Brown-Hunter v. Colvin*, 806 F.3d 486, 492 (9th Cir. 2015) (ALJ must set forth reasoning "in a way that allows for meaningful review").

Fourth, the ALJ said the medical evidence "suggest[ed] [Plaintiff's] heightened symptoms primarily stemmed from situational stressors in her life" like her living environment. AR 1582. The Commissioner does not defend this finding. *See* Dkt. 14 at 9–10. Although Plaintiff complained in some treatment notes that she experienced stress due to things like her living situation (*see, e.g.*, AR 535, 596–98), that Plaintiff experienced some mental symptoms due to those stressors does not without further explanation constitute substantial evidence that those stressors were the primary cause of her mental health symptoms. Furthermore, the mood, anxiety, and cognitive symptoms described by Dr. Bowes, forming the basis of her opinion, do not appear to rely upon or even mention such situational stressors. *See* AR 398–403. The ALJ elsewhere noted Plaintiff "often endorsed feeling better when alone or away from home" (AR 830), but this sort of small improvement from a situational change does not mean Plaintiff's symptoms no longer affected her ability to work. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). This was therefore not a valid basis on which to reject the opinion.

Finally, the ALJ also rejected Dr. Bowes' opinion because "subsequent medical evidence shows that the claimant managed her conditions effectively with mostly naturopathic treatment

and medical marijuana." AR 1582. Elsewhere in the decision, the ALJ made two findings related to the effectiveness of Plaintiff's treatment.

First, the ALJ said that "medical evidence also shows that she did not receive any medication management for her mental health conditions, which strongly suggests that her symptoms were managed effectively on her naturopathic and medical marijuana regimen." AR 1578. However, the ALJ failed to consider the possible reasons why Plaintiff did not pursue further medication-based treatment, as an ALJ must before drawing inferences from a claimant's failure to pursue further treatment. *See Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) ("[A]ny evaluation of the aggressiveness of a treatment regimen must take into account the condition being treated."); SSR 16-3p (ALJs may not discount symptom testimony on basis of failure to pursue further treatment "without considering possible reasons he or she may not comply with treatment"); AR 90–91 (Plaintiff testifying she does not take anti-anxiety medications because of potential symptoms and side effects); AR 878 (same).

Second, the ALJ noted "medical evidence further shows that [Plaintiff's] symptoms improved with therapy." AR 1578. But "some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *See Holohan*, 246 F.3d at 1205.

In sum, the ALJ failed to give specific and legitimate reasons for rejecting Dr. Bowes' opinion. Because that opinion, if credited, would result in additional limitations being included in the RFC, that error is not harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

3. <u>Dr. Meagher</u>

Examining consultant Dr. Meagher completed an evaluation of Plaintiff in August 2015. AR 587–90. After summarizing the medical evidence, Plaintiff's activities and functionality, her social history, her mental presentation, and her drug history (AR 587–90), he opined that "in her current state, this individual does not appear to be capable of obtaining or maintaining full time competitive employment" (AR 590). The ALJ

> considered this assertion by Dr. Meagher but [gave] it no weight as [Dr. Meagher] failed to provide a function-by-function assessment of the claimant's capabilities but instead declared that she was unable in her "current state" to maintain/sustain employment. This assertion is not a medical conclusion but a legal one, on an issue reserved to the Commissioner.

AR 1583.

Statements that an individual is "unable to work" are statements on issues reserved to the Commissioner rather than medical opinions and given no "special significance" in the disability analysis. 20 C.F.R. § 404.1527(d). An ALJ may discount an opinion because it does "not provide useful statements regarding the degree of" a claimant's limitations. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). However, "an assessment" of a claimant's "*likelihood* of being able to sustain full time employment given the many medical and mental impairments [they] face[]" does not fall into the category of statements on an individual's ability to work reserved to the Commissioner. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original).

Dr. Meagher's opinion was such a statement. It was not a conclusory assertion that Plaintiff would be unable to maintain employment, but, rather, an assessment based on his four-page description of her symptoms and medical history and the way in which those symptoms have affected her activities, social history, and other functional abilities. *See* AR 587–90. As such, the ALJ erred by failing to address it.

    4. <u>Dr. Gaffield</u>

At step two of the sequential evaluation process, the ALJ gave "great weight" to Dr. Gaffield's opinion that Plaintiff had no physical impairments. AR 1569. At step two, the ALJ determines whether the claimant suffers from one or more medically determinable impairments (MDIs) and whether those impairments are severe. *See* 20 C.F.R. § 1520(a). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c). Plaintiff contends "the ALJ err[ed] by failing to note that ARNP Armstrong's testing confirmed the presence of Epstein-Barr virus, which can cause chronic fatigue." Dkt. 13 at 12 (citing AR 613). The ALJ found Epstein-Barr syndrome a non-severe MDI because the evidence "does not establish that it results in functional limitations." AR 1570 (citing AR 536, 589, 915–16).[3] Neither Plaintiff's assertion that Epstein-Barr virus "can cause chronic fatigue" (Dkt. 13 at 12) nor ARNP Armstrong's notation that Plaintiff was "positive" for the virus (AR 613) establish the virus results in further limitations on Plaintiff's ability to do basic work activities. Plaintiff has therefore not established error in the ALJ's evaluation of Dr. Gaffield's opinion.

**B.**     **Remaining Issues**

Having found reversable error, the Court declines to consider whether the ALJ properly assessed Plaintiff's subjective testimony, the statements of LMHC Ryken and ARNP Armstrong, and the lay witness testimony. Instead, the ALJ is directed to reassess the medical evidence and the RFC on remand.

---

[3] Ordinarily, an error in finding a non-severe impairment at step two is deemed harmless where the ALJ proceeds to the remaining steps because the ALJ must still consider non-severe impairments in formulating the RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, however, the ALJ did not consider Plaintiff's Epstein-Barr virus in formulating the RFC. *See* AR 1572–84.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 9

Plaintiff contends this case should be remanded for an award of benefits. Dkt. 13 at 18–19. Such a remedy is only appropriate where it is clear from the record that the ALJ would be required to find the claimant disabled if the improperly discredited evidence were accepted as true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Here, the Court finds the record is not free from ambiguities, conflicts, and gaps, and therefore remands for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

## IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 17th day of October, 2024.

David W. Christel
United States Magistrate Judge